IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELA HOUSER,

        Plaintiff,

vs.                                                                                           No. CIV 10-1096 JH/LFG

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SAN JUAN, et al.,

        Defendants.

## ORDER ON QUALIFIED IMMUNITY ASSERTION

Defendants have asserted qualified immunity as an affirmative defense. Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Federal courts have also dealt with qualified immunity at the earliest stages of a case. *See* Siegert v. Gilley, 500 U.S. 226, 232-33 (1991) ("Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits.").

More recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1946 (2009), the United States Supreme Court again emphasized the importance of deciding qualified immunity questions as early as possible. Qualified immunity "is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation." (citation omitted). *See also* Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004) (same). Moreover, in Iqbal, the Supreme Court clarified that all discovery for all defendants should be stayed, not just for the individuals asserting qualified immunity. Iqbal, 129 S. Ct. 1953.

To ensure that Plaintiff has an adequate opportunity to respond to the motion to dismiss or for summary judgment, upon receipt of the potentially dispositive motion, should Plaintiff believe that some discovery on the issue of qualified immunity is necessary, Plaintiff should file a Fed. R. Civ. P. 56(d) (previously Rule 56(f)) affidavit. It will be insufficient for Plaintiff to simply argue that the motion is premature, that discovery is incomplete or that additional discovery must be undertaken. Rather, Plaintiff must specifically show what discovery is necessary, what the proposed discovery is likely to disclose and how the discovered evidence will assist Plaintiff in overcoming Defendants' *prima facie* showing.  *See* Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(f) (now Rule 56(d)), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006) (Rule 56([d]) affidavit must state with specificity how additional discovery will rebut summary judgment motion), *cert. denied,* 550 U.S. 933 (2007).

Any 56(d) affidavit should be presented to the undersigned magistrate judge. The filing of the 56(d) affidavit will serve to stay the response time to the underlying motion. Upon review of the 56(d) affidavit, the magistrate judge will determine if Plaintiff has made a sufficient case for discovery. If so, the Court will issue an order consistent with the "narrowly tailored" requirements of Maxey by Maxey v. Fulton, 890 F.2d 279, 282, 283 (10th Cir. 1989), and will outline what discovery may be taken, the nature and extent of the discovery and the time limit for completing discovery. The Court will also provide Plaintiff with a new response date to the underlying motion.

Alternatively, if the magistrate judge concludes that Plaintiff has failed to make a sufficient case for discovery, the request for additional discovery on qualified immunity will be denied. In that event, the Plaintiff will still be given a new response date to the underlying motion. All other

discovery will be stayed pending the Court's consideration and disposition of the motion on qualified immunity.

SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge